# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0166V
Filed: November 22, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JOHN D. BUSER,                          *
                                        *
                 Petitioner,            *
v.                                      *
                                        *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                     *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                     *
                                        *
                 Respondent.            *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 20, 2015, John D. Buser ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 12, 2014. On April 29, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 15).

On May 24, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 19). Petitioner requested attorneys' fees in the amount of $20,881.50, and attorneys' costs in the amount of $1,621.42, for a total amount of $22,502.42. *Id.* at Ex.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2 at 9-10. In compliance with General Order #9, petitioner filed a signed statement indicating he incurred no out-of-pocket expenses. *Id.* at Ex. 3.

On June 10, 2016, respondent filed a response to petitioner's motion. (ECF No. 22). Respondent states she is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, *id.* at 2, but disputes that petitioner's counsel should be compensated at forum rates. Respondent "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00," but provides little explanation for how she arrived at this proposed range, citing only five prior cases that she characterized as similar. *Id.* at 5-6.

On July 5, 2016, petitioner filed a reply. (ECF No. 25). Petitioner disputes respondent's contention regarding local versus forum rates and further argues that respondent's proposed range for fees in this case is arbitrary. *Id.* at 19. Petitioner also submitted supplemental billing reflecting fees and costs in the amount of $6,745.00 (19.40 hours of attorney time and $84.49 in costs) incurred in preparing petitioner's fee application, bringing the total amount requested of attorneys' fees and costs to $29,332.41.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the appropriateness of forum versus local hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application. However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016. The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. However, consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate of reduction for travel time and for 2016 law clerk and paralegal rates.

In March 2016, Mr. Cochran billed a total of 11.2 hours for travel time, amounting to a total of $3,976.00. ECF No. 19-2, p. 7. Notwithstanding the fact that Mr. Cochran was noted to be working during a portion of that time on case review en route, the undersigned reduces these hours by 50%. *See, e.g., Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special Masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). This results in a reduction of $1,988.00.

Additionally, the undersigned tallies 11.4 hours of paralegal and law clerk time in 2016, amounting to billing of $1,710.00. (ECF No. 28-2, pp. 3-9; ECF No. 25-2).

Reducing the hourly rate to $145 reduces the total amount to $1,653.00, a reduction of $57.00.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorney's fees (based on 88.2 total hours): | $27,626.50 |
| Less 50% reduction for 11.2 travel hours: | $ -1,988.00 |
| Less 2016 paralegal rate reduction: | $    -57.00 |
| Adjusted total: | $25,581.50 |
| Costs: | $ 1,705.91 |
| **Total Attorneys' Fees and Costs Awarded:** | **$27,287.41** |

**Accordingly, the undersigned awards a lump sum of $27,287.41,[3] representing reimbursement for attorneys' fees and costs in the form of a check jointly payable to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.